O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER DAVID WELLS, | Case No. CV 13-4084-DFM |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| CAROLYN COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Christopher David Wells ("Plaintiff") appeals the denial of his application for Supplemental Security Income ("SSI") benefits. The Administrative Law Judge ("ALJ") offered specific and legitimate reasons for rejecting the opinion of an examining physician. The ALJ also stated sufficiently clear and convincing reasons to reject Plaintiff's testimony regarding his symptoms. Therefore, the ALJ's decision is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his application for SSI benefits on October 27, 2008, alleging disability beginning October 1, 1998. In an unfavorable decision, the ALJ found that Plaintiff had the severe impairments of hepatitis C, cirrhosis of

the liver, and lumbar spine condition, but concluded that Plaintiff was not disabled because there was work available in significant numbers in the national and regional economies which he could perform. Administrative Record ("AR") 12-19.

## II.
## ISSUES PRESENTED

The parties dispute whether the ALJ erred in: (1) not fully crediting the opinion of the consultative examining physician, and (2) negatively assessing Plaintiff's credibility. See Joint Stipulation ("JS") at 2-3.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

# IV.
# DISCUSSION

## A. The ALJ Properly Considered the Opinion of the Examining Physician

Plaintiff contends that the ALJ erred in not fully crediting the opinion of the consultative examiner, Dr. Lazaro V. Alonso. JS at 3-4. Dr. Alonso opined that Plaintiff could stand, sit, or walk for six to eight hours out of an eight-hour workday, but was limited to only occasional lifting, bending, stooping, reaching, grasping, pulling, and pushing. AR 263. The ALJ concluded that Plaintiff retained the residual functional capacity ("RFC") to perform a limited range of light work, which involves lifting 10 pounds frequently and 20 pounds occasionally. AR 16. Plaintiff argues that, had the ALJ credited Dr. Alonso's limitation to only occasional lifting, reaching, and handling, Plaintiff would have been unable to perform the jobs identified by the vocational expert ("VE") at step five of the sequential evaluation process and would therefore have been found disabled. JS at 4.

Dr. Alonso's opinion about Plaintiff's limitations was controverted by the opinion of another consulting examiner, Dr. Ursula Taylor. See AR 18. Dr. Taylor determined that Plaintiff was capable of lifting 20 pounds occasionally and 10 pounds frequently with no sitting, standing, or walking restrictions. AR 432-36. The ALJ is responsible for resolving conflicts in the medical record. Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003). An ALJ may reject the controverted opinion of an examining physician for "specific and legitimate reasons that are supported by substantial evidence." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (quoting Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996)).

The ALJ offered specific and legitimate reasons for not giving Dr. Alonso's opinion controlling weight. First, the ALJ gave less weight to Dr.

Alonso's opinion because it was unsupported by his own examination notes. AR 17. As noted by the ALJ, although Plaintiff displayed some "subjective tenderness" in the wrist and knee, the rest of Dr. Alonso's examination of Plaintiff was "essentially normal." Dr. Alonso noted no evidence of inflammation, swelling, or erythema; Plaintiff had normal range of motion of all joints; he had a strong hand grip; and straight leg raises were negative bilaterally. Id. (citing AR 262-64). By comparison, Dr. Taylor's opinion was supported by her own examination notes and by the objective medical evidence as a whole. AR 18. Moreover, the ALJ noted that Plaintiff's treatment records for all of 2008 and 2009 "revealed 'no acute swelling' of the joints, 'normal musculature … no skeletal tenderness or joint deformity' and normal-appearing extremities." AR 17 (citing AR 225, 226, 228). The ALJ also noted that Plaintiff was "not taking pain medications for his alleged back pain." AR 17. Thus, given Plaintiff's "essentially normal" examination, there does not appear to be medical support for Dr. Alonso's limitation to only occasional lifting, reaching, and handling. See Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (upholding ALJ's rejection of physician's statement that claimant could stand or walk for only 15 minutes at a time because physician's notes taken on the same day contradicted the opinion).

It is the ALJ's role to resolve conflicts in the medical record. See Benton, 331 F.3d at 1040. The record reflects that there were specific and legitimate reasons for the ALJ's reliance on Dr. Taylor's opinion rather than Dr. Alonso's. The ALJ was therefore entitled to disregard the functional limitations opined by Dr. Alonso in formulating Plaintiff's RFC.

**B.     The ALJ Properly Assessed Plaintiff's Credibility**

Plaintiff contends that the ALJ erred by failing to provide clear and convincing reasons for discounting his subjective symptom testimony. JS at 8-13. Plaintiff testified at the administrative hearing to the following symptoms

and limitations: he has pain in his elbows, back, knees, and shoulders; he takes prescription-strength Motrin for pain but it does "very little"; he has taken Tramadol for pain but it did not help the pain so he stopped taking it; he spends much of the day lying down; he can walk only about two blocks without pain and before needing to rest; he can carry very little weight; he brought a backpack to the hearing that contained water and papers but carrying that amount of weight knocks him out for two weeks; and sometimes it is difficult for him to lift even a 32-ounce bottle of Gatorade, which he must lift with both hands. AR 56, 59-68.

To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009) (citing Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. Lingenfelter, 504 F.3d at 1036. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to alleged pain are reasonably consistent with the objective medical evidence and other evidence, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at *2 (explaining 20 C.F.R. § 416.929(c)(4)).

If the claimant meets the first step and there is no affirmative evidence of malingering, the ALJ must provide specific, clear, and convincing reasons for discrediting a claimant's complaints. Robbins, 466 F.3d at 883. "General findings are insufficient; rather, the ALJ must identify what testimony is not

credible and what evidence undermines the claimant's complaints." Reddick, 157 F.3d at 722 (quoting Lester, 81 F.3d at 834). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1283-84 & n.8 (9th Cir. 1996). The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. Id. (citations omitted).

    The ALJ gave specific reasons for finding that Plaintiff's subjective testimony was not entirely credible, each of which is fully supported by the record. First, the ALJ noted that Plaintiff had given inconsistent statements with respect to his claims of mental impairment:

> During his August 2008 exam for hepatitis C treatment, he denied being depressed. 2008 treatment records continuously showed "no unusual anxiety or evidence of depression." During a December 2008 exam, the claimant admitted "no history of mental illness," yet claimed he had ADHD as a child, although he never took the medication prescribed him. He stated he felt like crying, but "has yet to have a crying episode." The claimant's treating physician noted that per the verbal interview, the claimant met the criteria for major depressive disorder; however, he did not appear depressed. Indeed, the physician found the claimant endorsed all nine symptoms of major depressive disorder "in an exaggerated fashion." The claimant did not appear sad but, on the contrary, was "intentionally facetious and telling anecdotal tales during the entire session." It was noted the claimant had no social or occupational impairment due to his reported mood. The

claimant's questions were answered and he left the clinic walking. AR 14-15.

The ALJ noted that Plaintiff also made other inconsistent statements. For example, during an April 2009 follow-up exam for his hepatitis C treatment, Plaintiff complained of pain "all over his body" but was "unable to specify where." AR 17 (citing AR 415). Similarly, although Plaintiff stated that he had quit drugs and alcohol completely 25 years ago, he was denied treatment for hepatitis C in May 2007 until he had been sober for at least one year. AR 18 (citing AR 431). The ALJ is entitled to consider inconsistent statements when assessing a claimant's credibility. See Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012); Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ also noted that, despite Plaintiff's complaints of debilitating pain, he was able to perform certain daily activities, such as living alone, caring for all of his personal needs, preparing meals, performing household chores, shopping for groceries, driving, taking public transportation, attending church, and handling his own financial affairs. AR 15. While it is true that "one does not need to be 'utterly incapacitated' in order to be disabled," Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001), the extent of Plaintiff's activity here supports the ALJ's finding that Plaintiff's reports of his impairment were not fully credible. See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1227 (9th Cir. 2009); Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1990) (finding that the claimant's ability to "take care of her personal needs, prepare easy meals, do light housework and shop for some groceries ... may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citing Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989)).

///

The ALJ also determined that Plaintiff was not fully credible based upon his conservative treatment history. The ALJ noted that Plaintiff's medical records showed that he was doing well with his hepatitis C and liver cirrhosis treatment and was not taking any pain medication for his alleged severe back pain. AR 17. The ALJ also observed that, despite alleging a disability onset date of October 1998, the earliest medical record is dated February 2007, at which time Plaintiff had no complaints of pain. Id. A conservative treatment history and failure to seek medical treatment are legitimate bases for an ALJ to discount a claimant's credibility. See Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008); see also Fair, 885 F.2d at 604 (finding that the claimant's allegations of persistent, severe pain and discomfort were belied by "minimal conservative treatment").

The ALJ also found Plaintiff to be not fully credible because the evidence suggested that Plaintiff was exaggerating his symptoms and limitations. AR 17. For example, Plaintiff stated that he needs to walk for five minutes before he can stand straight. AR 183. Plaintiff testified at the administrative hearing that he spent 90% of his day in bed; that he often had to use two hands to pick up a 32-ounce Gatorade bottle; and that having to carry more than about five pounds would cause him to be "shot for about two weeks." AR 63, 64. See Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2011) (holding that the ALJ properly discredited the claimant's testimony based in part upon the claimant's "tendency to exaggerate").

The ALJ also considered that Plaintiff's claims of disabling pain and extreme functional limitations were unsupported by the medical evidence. After extensively reviewing the medical record, the ALJ concluded that the medical evidence generally showed unremarkable examinations and few abnormal findings. AR 16-18. Similarly, the findings of both of the consultative examining physicians, Drs. Alonso and Taylor, were largely

normal and unremarkable, as discussed above. See AR 262-64, 432-36. Dr. Taylor determined that Plaintiff was capable of performing light work with a few postural limitations. AR 18 (citing AR 436). "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).

On appellate review, this Court does not reweigh the hearing evidence regarding Plaintiff's credibility. Rather, this Court is limited to determining whether the ALJ properly identified clear and convincing reasons for discrediting Plaintiff's credibility. Smolen, 80 F.3d at 1284. The written record reflects that the ALJ did just that. As previously noted, it is the responsibility of the ALJ to determine credibility and resolve conflicts or ambiguities in the evidence. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). If the ALJ's findings are supported by substantial evidence, this Court may not engage in second-guessing. See Thomas, 278 F.3d at 959; Fair, 885 F.2d at 604.

## V.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: June 10, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

9